## DOLLFUS–MIEG ET CIE SOCIÉTÉ ANONYME v. RICHARDSON SILK CO.

(Court of Appeals of District of Columbia. Submitted January 14, 1925. Decided March 2, 1925.)

No. 1697.

Trade-marks and trade-names and unfair competition ⬤⟶21—Prior use of mark "D. M. C." held not to preclude another's use of registration mark "R. M. C."

Adoption of combination of initials, letters, or figures does not preclude another's adoption and use of different combination of either, not so closely approximating the first in subject-matter and accessories as to confuse, and prior adoption of mark "D. M. C." *held* not to preclude another's use of letters "R. M. C." on goods of same descriptive properties.

Appeal from Commissioner of Patents.

Application by the Richardson Silk Company for registration of trade-mark, opposed by the Dollfus-Mieg et Cie Société Anonyme. From a decision dismissing the opposition, the latter appeals. Affirmed.

J. L. Steuart and J. H. Griffin, both of New York City, for appellant.

J. D. Morgan, of New York City, for appellee.

Before MARTIN, Chief Justice, and ROBB, Associate Justice.

ROBB, Associate Justice. This is an appeal from a decision of the Commissioner of Patents, dismissing appellant's opposition to the registration by appellee of the letters "R. M. C." as a trade-mark for cotton threads and yarns. Appellant based its opposition upon the prior use, on goods of the same descriptive properties, of the mark "D. M. C."

The Commissioner based his ruling upon a decision of the Circuit Court of Appeals, affirming a decision of the District Court, in Dollfus-Mieg & Cie v. Richardson Silk Co., an infringement and unfair competition case involving the same parties and marks now before us. The trial court disposed of the question of infringement in the following words: "On the question of the trade-mark as such, the defendant has the right, and anybody else in the world has the right, to use any initials or combination of initials that they may deem proper. I do not see any need of spending any time on that point. There is no infringement whatever on the trade-mark D. M. C. by the letters R. M. C." The court also found that there had been no unfair competition. This decision was af-

firmed without opinion by the Circuit Court of Appeals. 285 F. 1019.

Whether that decision was binding upon the parties and the Patent Office in this proceeding we need not stop to inquire, since we are in full accord with the conclusion reached, namely, that no one has the right, by adopting a combination of figures or letters, to exclude others from the adoption and use of different combinations of either. Of course, the second combination may not so closely approximate the first in subject-matter and accessories as to lead to confusion. Appellee, however, has met this requirement; hence there was no basis for the filing by appellant of the opposition proceeding. See McIlhenny's Son v. New Iberia Extract of Tobasco Pepper Co., Limited, 30 App. D. C. 337.

The decision is affirmed.

Affirmed.

VAN ORSDEL, Associate Justice, did not sit in this case, but, by stipulation, participated in the decision.